IN THE UNITED STATES DISTRICT COURT
FOR THE NORTHERN DISTRICT OF TEXAS
DALLAS DIVISION

| | | |
|---|---|---|
| BERNARD ROSS, #12034507,<br>　　Plaintiff, | §<br>§<br>§ | |
| v. | § | 3:12-CV-5221-D-BK |
| SHERIFF VALDEZ, et al.,<br>　　Defendants. | §<br>§<br>§ | |

FINDINGS, CONCLUSIONS AND RECOMMENDATION
OF THE UNITED STATES MAGISTRATE JUDGE

　　Plaintiff, a Dallas County Jail pretrial detainee, filed a *pro se* complaint under 42 U.S.C. § 1983 against Dallas County Sheriff Valdez and Captain Sanders.  For the reasons that follow, this case should be summarily dismissed as frivolous.

## I. BACKGROUND

　　In the complaint and answers to the Court's questionnaire, Plaintiff complains generally about the conditions of confinement at the Dallas County Jail, specifically the sanitation of the jail, the verbal abuse and harassment by prison guards, violation of jail rules and regulations, and the denial of access to an adequate law library.  (Doc. 3 at 4; Doc. 7, ans. 2).  Plaintiff requests that the Defendants "be restrained" and that the issues complained of be addressed.   (Doc. 3 at 4; Doc. 7, ans. 3).

## II. ANALYSIS

　　Because Plaintiff is proceeding *in forma pauperis*, his complaint is subject to screening under 28 U.S.C. §§ 1915(e)(2)(B) and 1915A(b).  Those statutes provide for *sua sponte* dismissal of a complaint if the Court finds that it (1) is frivolous or malicious, (2) fails to state a claim upon which relief may be granted, or (3) seeks monetary relief against a defendant who is

1

immune from such relief. A complaint is frivolous when it "lacks an arguable basis either in law or in fact." *Neitzke v. Williams*, 490 U.S. 319, 325 (1989). A claim lacks an arguable basis in law when it is "based on an indisputably meritless legal theory." *Id.* at 327.

The Court liberally construes Plaintiff's filings with all possible deference due a *pro se* litigant. *See Haines v. Kerner*, 404 U.S. 519, 520 (1972) (allegations of *pro se* complaint are held to less stringent standards than formal pleadings drafted by lawyers). Even under this most liberal construction, however, Plaintiff's complaint is frivolous.

At the outset, the Court notes that the pleadings do not allege any direct involvement by Sheriff Valdez and Captain Sanders. *See Ashcroft v. Iqbal*, 556 U.S. 662, 676 (2009) (supervisory government employees are only liable for their own misconduct, and the doctrine of *respondeat superior* does not provide a basis for liability in a section 1983 action). In answer to the questionnaire, Plaintiff concedes he is suing the Defendants in their capacity as Sheriff and Captain of the Dallas County Jail. (Doc. 7, ans. 5-8). Even assuming their direct involvement, Plaintiff's claims do not rise to cognizable constitutional violations as set out below. *See Flagg Bros., Inc. v. Brooks*, 436 U.S. 149, 155 (1978) (to state a claim under section 1983, a plaintiff must allege facts that show that (1) he has been deprived by Defendants of a right secured by the Constitution and the laws of the United States, and (2) the Defendants were acting under color of state law). Therefore, the complaint should be dismissed as legally frivolous.

<u>Conditions of Confinement</u>

Pretrial detainees may bring constitutional challenges "under two alternative theories: as an attack on a 'condition of confinement' or as an 'episodic act or omission.'" *Shepherd v. Dallas County*, 591 F.3d 445, 452 (5th Cir. 2009) (quoting *Hare v. City of Corinth, Miss.*, 74 F.3d 633, 644-45 (5th Cir. 1996) (*en banc*)). In a condition of confinement case, a detainee must

establish that the condition amounted to punishment and was not incident to some other legitimate governmental purpose. *Shepherd*, 591 F.3d at 452 (citing *Bell v. Wolfish,* 441 U.S. 520, 535, 538 (1979)). In an episodic act case, a detainee must establish that the defendants acted with subjective deliberate indifference. *Id.*

Here, Plaintiff complains generally of unsanitary living conditions. He states the Dallas County Jail is "infested with mold dust, bugs and communicable diseases," and the "vent[s] in the dayroom stay with dust and dirt . . . the stairs are rust[y] and unclean, [and] the shower drains are clog[ged] up with dirt and mold." (Doc. 7 at 12). According to Plaintiff, these unsanitary living conditions "bring infested diseases to the environment area where inmates live in" and, as a result, he must receive treatment for sinus and allergy symptoms. *Id.*

Even assuming Plaintiff seeks to allege a condition of confinement case, none of the complained of conditions is more than a *de minimis* violation. *See Duvall v. Dallas County*, 631 F.3d 203, 208 (5th Cir. 2011). The *de minimis* exception provides a significant threshold to liability:

> [I]solated examples of illness, injury, or even death, standing alone, cannot prove that conditions of confinement are constitutionally inadequate. Nor can the incidence of diseases or infection, standing alone, imply unconstitutional confinement conditions, since any densely populated residence may be subject to outbreaks .... Rather, a detainee challenging jail conditions must demonstrate a pervasive pattern of serious deficiencies in providing for his basic human needs.

*Id.* (quoting *Shepherd*, 591 F.3d at 454).

Plaintiff has not alleged a persistent failure to provide for his basic human needs or conditions amounting to punishment. Having failed to allege more than *de minimis* deficiencies, his allegations are insufficient to raise a claim for constitutional violation. Therefore, his conditions of confinement claims lack an arguable basis in law and should be dismissed as frivolous.

Verbal Abuse and Physical Assault

Plaintiff's assertions that correctional officers verbally abuse and physically assault prisoners at the Dallas County Jail to deny privileges (such as, access to the dayroom, television, law library, and grievance system) fail to raise a federal constitutional claim. (Doc. 3 at 4; Doc. 7 at 2). Plaintiff's allegations are conclusory. His pleadings fail to identify any instance of verbal abuse or physical abuse against him personally. In any event, mere verbal abuse or harassment by a prison guard does not amount to a constitutional violation. *Siglar v. Hightower*, 112 F.3d 191, 193 (5th Cir. 1997) (citing *Bender v. Brumley*, 1 F.3d 271, 274 n.4 (5th Cir. 1993)). Therefore, as pled and liberally construed, Plaintiff's claims of verbal abuse and physical assault are legally frivolous.[1]

Law Library Access

Next, Plaintiff alleges denial of access to the jail law library. (Doc. 3 at 4). He also states that the jail law library is inadequate and that it contains only "half [of] the law books," which prevents him from "look[ing] up [his] case." (Doc. 7 at 11). Plaintiff's claims lack an arguable basis in law. When a criminal defendant is represented by counsel, he has no constitutional right of access to a law library in connection with his criminal proceedings. *See Caraballo v. Federal Bureau of Prisons*, 124 Fed. Appx. 284, 285 (5th Cir. 2005) (unpublished *per curiam*) (inmate who was represented by court-appointed counsel had no constitutional right of access to law library in preparing his defense). The online docket sheets confirm Plaintiff is

---

[1] In answer to the questionnaire, Plaintiff alleges that he has observed the use of violence by S.R.T. officers on other inmates. (Doc. 7 at 10-11). However, he lacks standing to sue on behalf of fellow inmates. *See Lujan v. Defenders of Wildlife*, 504 U.S. 555, 560 (1992) (standing, an essential element of the case-or-controversy requirement of Article III, requires the plaintiff to have a direct, personal stake in the outcome of the suit); *Bennett v. Spear*, 520 U.S. 154, 162 (1997) (quoted and cited cases omitted) (to satisfy standing, a plaintiff must establish that "he has suffered 'injury in fact,' that the injury is 'fairly traceable' to the actions of the defendant, and that the injury will likely be redressed by a favorable decision").

represented by appointed counsel on his pending state criminal cases. *See State v. Ross*, Nos. F12-55975 and F12-55976 (292nd Judicial District Court, Dallas County) (awaiting trial).

Nor can Plaintiff raise a claim of denial of access to the court. While prisoners have a fundamental constitutional right to adequate, effective, and meaningful access to the courts, *see Bounds v. Smith*, 430 U.S. 817, 822-3(1977), the right is limited to "encompass[] only 'a reasonably adequate opportunity to file nonfrivolous legal claims challenging their convictions or conditions of confinement.'" *Johnson v. Rodriguez*, 110 F.3d 299, 310-11 (5th Cir. 1997) (quoting *Lewis v. Casey*, 518 U.S. 343, 355 (1996)). Plaintiff does not allege that he was unable to challenge a prior conviction or the conditions of his confinement. In addition, he does not allege that his position as a litigant was prejudiced in any way during his pre-trial detention. *See Lewis*, 518 U.S. at 351 (to prevail, an inmate must demonstrate that he suffered an "actual injury" -- i.e. that the denial of access "hindered his efforts to pursue a legal claim").

Accordingly, Plaintiff's claims of denial of access to an adequate law library are legally frivolous.

<u>Violation of Prison Rules and Regulations</u>

Lastly, Plaintiff raises general allegations of "punishment without disciplinary hearing" and violation of "county jail rule and regulation." (Doc. 7, ans. 2). He, however, does not provide any details about these purported new claims, which he raises for the first time in answer to the questionnaire. Nevertheless, allegations of jail rule violations do not rise to the level of a constitutional violation as "a prison official's failure to follow the prison's own policies, procedures or regulations does not constitute a violation of due process." *Stanley v. Foster*, 464 F.3d 565, 569 (5th Cir. 2006) (quoting *Myers v. Klevenhagen,* 97 F.3d 91, 94 (5th Cir. 1996)). Therefore, these claims are likewise legally frivolous.

## III. RECOMMENDATION

For the foregoing reasons, it is recommended that Plaintiff's complaint be **DISMISSED** with prejudice as frivolous. S*ee* 28 U.S.C. §§ 1915(e)(2)(B) and 1915A(b). The dismissal of this case will count as a "strike" or "prior occasion" within the meaning 28 U.S.C. § 1915(g).[2]

SIGNED May 19, 2013.

_____
RENEE HARRIS TOLIVER
UNITED STATES MAGISTRATE JUDGE

### INSTRUCTIONS FOR SERVICE AND NOTICE OF RIGHT TO APPEAL/OBJECT

A copy of this report and recommendation shall be served on all parties in the manner provided by law. Any party who objects to any part of this report and recommendation must file specific written objections within 14 days after being served with a copy. *See* 28 U.S.C. § 636(b)(1); Fed. R. Civ. P. 72(b). In order to be specific, an objection must identify the specific finding or recommendation to which objection is made, state the basis for the objection, and specify the place in the magistrate judge's report and recommendation where the disputed determination is found. An objection that merely incorporates by reference or refers to the briefing before the magistrate judge is not specific. Failure to file specific written objections will bar the aggrieved party from appealing the factual findings and legal conclusions of the magistrate judge that are accepted or adopted by the district court, except upon grounds of plain error. *See Douglass v. United Services Automobile Ass'n*, 79 F.3d 1415, 1417 (5th Cir. 1996).

_____
RENEE HARRIS TOLIVER
UNITED STATES MAGISTRATE JUDGE

---

[2] Section1915(g), commonly known as the "three-strikes" provision, provides: "[i]n no event shall a prisoner bring a civil action or appeal a judgment in a civil action or proceeding under this section, if the prisoner has, on 3 or more prior occasions, while incarcerated or detained in any facility, brought an action or appeal in a court of the United States that was dismissed on the grounds that it is frivolous, malicious, or fails to state a claim upon which relief may be granted, unless the prisoner is under imminent danger of serious physical injury."